UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WANDA BRUMFIELD | CIVIL ACTION |
| VERSUS | |
| FARMERS INSURANCE COMPANY, ET AL. | NO. 16-690-SDD-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 15, 2017.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WANDA BRUMFIELD**                                    **CIVIL ACTION**

**VERSUS**

                                                        **NO. 16-690-SDD-RLB**

**FARMERS INSURANCE COMPANY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Unopposed Motion to Remand (R. Doc. 31) filed on November 9, 2017.

**I.**     **Background**

On or about July 15, 2016, Wanda Brumfield ("Plaintiff") filed this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants Farmers Insurance Company, Randy Gantt, and Travelers Insurance Company. (R. Doc. 1-6 at 1-3). Plaintiff alleges that she sustained personal injuries as a result of an automobile accident with Mr. Gantt, including medical expenses; physical pain and suffering; disability, scarring, and disfigurement; mental anguish and emotional trauma; and loss of enjoyment of life. (R. Doc. 1-6 at 2). Plaintiff does not, however, identify any specific injuries sustained in her Petition. Furthermore, Plaintiff specifically states in the Petition that she did "not believe" at the time of filing that her damages exceeded the amount required for a jury trial in Louisiana state court. (R. Doc. 1-6 at 3).

On October 17, 2016, Travelers removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). With regard to the amount in controversy requirement, Travelers states that Plaintiff's counsel represented in a telephone conference prior

to removal that Plaintiff "suffered from significant prior injuries that may have been aggravated in the subject accident and her damages may exceed $75,000," and that Plaintiff refused to sign a pre-removal stipulation that the amount in controversy requirement to sustain diversity jurisdiction was not satisfied. (R. Doc. 1 at 3-4). The Notice of Removal did not provide any additional evidence, such as incurred medical expenses, indicating that the amount in controversy requirement was satisfied at the time of removal.

On June 22, 2017, Travelers was dismissed from the action with prejudice. (R. Doc. 30).

On November 9, 2017, Plaintiff filed the instant unopposed motion to remand. (R. Doc. 31). Attached to the motion is Plaintiff's stipulation that "the value of her claim in this matter does not exceed the sum of $75,000.00, exclusive of legal interest and costs." (R. Doc. 31-1).

**II.  Law and Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the

amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id.* If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916

(5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

Here, the defendants have not met their burden to show that the jurisdictional amount is facially apparent. *See Becnel v. State Farm Fire & Cas. Co.*, No. 07-6742, 2007 WL 4570821, at *1 (E.D. La. Dec. 26, 2007) (remanding action where the parties filed an unopposed motion for remand). The Petition does not provide any specifics regarding the alleged injuries sustained, and further states that she believed the amount in controversy to not exceed the amount required for a jury trial under Louisiana law, namely $50,000 under Louisiana Code of Civil Procedure article 1732. Because the amount in controversy is not facially apparent, the court may consider the Plaintiff's post-removal stipulation offered to clarify the amount in controversy. *See Gennoa v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

This Court routinely remands cases to state court where the amount in controversy is ambiguous and the parties file a joint or uncontested motion to remand based on a stipulation that the amount in controversy does not exceed the jurisdictional amount. *See*, *e.g.*, *Eakels v. Allstate Ins. Co.*, No. 10-657, 2011 WL 289824 (M.D. La. Jan. 3, 2011) (recommending remand of case where neither the petition nor the notice of removal established the amount in controversy and the plaintiff stipulated that her damages were less than $75,000.00), *report and recommendation adopted*, 2011 WL 289669 (M.D. La. Jan. 25, 2011); *Forrest v. Wal-Mart Stores, Inc.*, No. 08-433 (M.D. La. May 27, 2009) (remanding case where parties submitted joint stipulation stating that damages could not exceed $74,999 and the plaintiff waived any claim that his damages exceeded that amount); *see also Bennet v. State Farm Fire & Cas. Co.*, No. 10-636, 2011 WL 2932512 (M.D. La. June 3, 2011) (in spite of defendant's opposition, recommending remand of case where neither the petition nor the notice of removal established the amount in controversy

and the plaintiffs submitted a binding stipulation providing that the amount in controversy was less than $75,000.00 and renouncing their rights to enforce a judgment exceeding that amount), *report and recommendation adopted*, 2011 WL 2843051 (M.D. La. July 18, 2011); *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 275 (E.D. La. 2008) ("The Court has consistently recognized that even if a stipulation may not be 'binding' for purposes of La. Code Civ. P. art. 862 . . . it is, nonetheless, strong evidence of the jurisdictional amount. . . .").

To be clear, a post-removal stipulation cannot deprive the Court of jurisdiction if the amount in controversy was satisfied at the time of removal. *See Cage v. Hobby Lobby*, 2015 WL 803120 (M.D. La. Feb. 25, 2015) (denying motion to remand despite post removal stipulation, because amount in controversy was not ambiguous at time of removal and post-removal stipulation cannot divest the Court of jurisdiction); *Grimes v. Haar*, 2015 WL 2239766 (M.D. La. May 12, 2015) (finding that amount in controversy was established at the time of removal and that plaintiff's "eve of trial" stipulation cannot deprive the Court of subject matter jurisdiction). However, as set forth above, if the amount in controversy is not facially apparent or otherwise ambiguous, such a stipulation can be used to clarify whether jurisdiction was ever appropriate.

Given the allegations in the Petition, the lack of any summary judgment evidence supporting a finding that the amount in controversy requirement is satisfied, Plaintiff's post-removal stipulation,[1] and the lack of any opposition to the instant motion, the Court concludes

---

[1] The Court makes no finding regarding whether Plaintiff's stipulation is binding. Even if it is not binding, it is "nonetheless strong evidence of the jurisdictional amount for present purposes." *Becnel*, 2007 WL 4570821, at *1. To be clear, this is not a circumstance where the amount in controversy requirement had been satisfied and the parties are attempting to divest the court of subject matter jurisdiction.

5

that the defendants have not met their burden of establishing that the amount in controversy requirement is satisfied. Remand is appropriate for lack of subject matter jurisdiction.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Unopposed Motion to Remand (R. Doc. 31) be **GRANTED**, and the matter be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on November 15, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**